IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| DeWAYNE HOPKINS | * | |
| Plaintiff | * | |
| v. | * | Civil Action No. JKB-15-858 |
| AMERICAN CREDIT ACCEPTANCE | * | |
| Defendant | * | |
| | *** | |

## MEMORANDUM

The above-captioned case was filed on March 24, 2015, together with a motion to proceed in forma pauperis. Because he appears indigent, plaintiff's motion shall be granted.

The self-represented complaint contains no statement of facts from which a cognizable cause of action might be gleaned. The only allegation in the complaint is that "plaintiff believes that alleged amount owed is fraudulent." ECF 1 at p. 2. The remaining content simply cites legal authorities purporting to validate plaintiff's assertion that the debt must be validated. Left to the imagination is the conduct alleged to be unlawful or improper giving rise to the claims against this defendant.

This court is not obliged to ferret through a complaint, searching for viable claims. The instant complaint "places an unjustifiable burden on defendants to determine the nature of the claim against them and to speculate on what their defenses might be" and imposes a burden on the court to sort out the factual basis of any claims fairly raised, making dismissal under Federal Rule of Civil Procedure 8 appropriate. *Holsey v. Collins*, 90 F.R.D. 122 (D. Md. 1981); *see also Spencer v. Hedges,* 838 F.2d 1210 (4th Cir.1988) (unpublished). To comply with the rule, a plaintiff must provide enough detail to illuminate the nature of the claim and allow defendant to respond. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Although district courts have a duty

to construe self-represented pleadings liberally, plaintiff must nevertheless allege facts that state a cause of action. *See Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (duty to construe liberally does not require courts to conjure up questions never squarely presented).

The complaint fails to meet the requirements Rule 8(a)(2), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Plaintiff's citation to statutes are legal conclusions rendering the complaint deficient as it does not provide defendant fair notice of the claims and facts upon which the complaint is based. *See Swirkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002) (pleading must give the court and defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests). A separate order dismissing the case follows.

DATED this 1st day of April, 2015.

BY THE COURT:

_____/s/_____
James K. Bredar
United States District Judge